UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV -3  A 10: 32

US DISTRICT COURT
BRIDGEPORT CT

Michelle Pieger, Administratrix for the
Estate of Jeffrey Michael Pieger

Civil Action No.: 3:02CV00749 (SRU)

Plaintiff,

vs.

Metro-North Railroad Company,

October 28, 2003

Defendant.

### DEFENDANT METRO-NORTH'S MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF
### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

#### Preliminary Statement

This memorandum of law is respectfully submitted on behalf of defendant Metro-North Railroad Company (hereinafter "defendant" or "Metro-North") in opposition to plaintiff's motion seeking an Order compelling Metro-North to allow Plaintiff's request to videotape Plaintiff Metro-North's shuttle wagons at the Metro-North wheel mill in New Haven, Connecticut. Defendant also seeks a protective order preventing plaintiff from conducting the requested inspection.

Plaintiff's motion seeks to compel defendant to produce discovery that is not supported by the standards of disclosure set forth in the Federal Rules of Civil Procedure and should, consequently, be denied in all respects.

355684.1 DocsNY

## Concise Statement of Facts

This is an action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, in which plaintiff, an employee of defendant Metro-North, suffered a fatal injury while in the process of moving train cars with use of a capstan and rope.

During the course of discovery, Plaintiff's attorneys have already performed a site inspection of the wheel mill. In addition, Metro-North has supplied Plaintiff with a video of the wheel mill showing the operation of the equipment involved in the accident. Plaintiff now seeks to conduct a <u>second</u> site inspection - this time to videotape the movement of train cars by shuttle wagon, equipment that was in no way involved in this accident. For the reasons more fully set forth below, Defendant Metro-North objects to Plaintiff's Motion to Compel and seeks a Protective Order preventing Plaintiff from conducting a second site inspection. Additionally, Defendant objects to Plaintiff's request for costs, sanctions, and attorney's fees.

## Argument

**A.    Plaintiff's Request to Videotape the Shuttle Wagons During the Work Day at Metro-north Is Beyond the Scope of Rule 34 and Rule 26(b)(1).**

In this case, Plaintiff's request is improper for the following reasons:

First, the discovery seeks information that is irrelevant to the issues related to the instant case. The inspection of the wheel mill and shuttle wagon is irrelevant for purposes of determining whether Metro-North was negligent in the use of the <u>capstan and rope</u>. It is clear from the discovery thus far conducted that Metro-North had been using a capstan and rope to move train cars in the New Haven wheel mill for over thirty years and that the job being performed at the time of the accident was being done using the capstan and

355684.1 DocsNY

rope. Plaintiff has the burden to prove that Metro-North's use of the capstan and rope was somehow negligent. This case does not involve shuttle wagons. Plaintiff does not claim a shuttle wagon was in any way part of this accident. Plaintiff apparently is claiming that a shuttle wagon should have been used instead of the capstan and rope. Whether Metro-North had the shuttle wagons at the time of the incident would be irrelevant in this case since Plaintiff would still need to prove that the use of the capstan and rope was negligent, and not whether there was an alternative method to move the cars.

Federal law is clear that the railroad is not required to provide the employee with the latest, best or most perfect tools or methods in the workplace, and the fact that there may be a safer alternative is of no significance where the tools or methods are not inherently unsafe. The test is simply whether or not the railroad has exercised reasonable care to make the workplace reasonably safe. Taylor v. Illinois Cent. R. Co., 8 F.3d 584, 586 (7th Cir. 1993); Stillman v. Norfolk & W. Ry. Co., 811 F.2d 834, 837 (4th Cir. 1987); Soto v. Southern Pacific Transp. Co., 644 F.2d 1147, 1148 (5th Cir. 1981), cert denied, 454 U.S. 969 (1981); Chicago Rock Island Pac. R. Co. v. Lint, 217 F.2d 279, 282 (8th Cir. 1954); Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525, 527 (5th Cir. 1951), cert denied, 342 U.S. 830 (1951); Seymour v. Illinois Cent. R. Co., 25 F. Supp. 2d 734, 738 (S.D. Miss. 1997), aff'd, 154 F.3d 418 (5th Cir. 1998); Plunck v. Illinois Central R. Co., 1998 W.L. 227772 at *16 (Tenn. Ct. App. 1998).

Therefore, case law would preclude any evidence regarding the shuttle wagon since it was not involved in any way with the accident involving the decedent. Because such evidence would be excluded as a matter of law, it is not reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26(b)(1).

355684.1 DocsNY

Second, the request is unduly burdensome. Plaintiff has insisted on the filming of the wheel mill during the workday with no limit as to the amount of time that will be spent at the wheel mill and no clear limit as to what will be filmed. Plaintiff also plans on filming the wheel mill with professional cameramen which will disrupt the workday for Defendant Metro-North as well as the workers who work at the wheel mill.

In <u>Curry v. Allan S. Goodman, Inc.</u>, 2003 WL 22305161 (D.Conn. May 22, 2003, Dorsey, J.), the Court held that "an inspection may be denied as unduly burdensome if 'the degree to which the proposed inspection will aid in the search for truth' outweighs 'the burdens and dangers created by the inspection.' <u>New York Assoc. for Retarded Children v. Carey (Willowbrook)</u>, 706 F.2d 956, 961 (2d Cir. 1983)(internal quotations omitted)." <u>Id.</u> In the instant case, Defendant Metro-North contends that the proposed inspection will <u>not</u> aid in the search for truth, and that therefore such an inspection does <u>not</u> outweigh the burdens and dangers created by the inspection.

Third, there is a danger to Defendant Metro-North that Plaintiff's counsel along with a large number of his staff will have access to managerial personnel and other Metro-North employees which could result in an informal roving deposition.

In <u>Curry v. Allan S. Goodman, Inc.</u>, supra, the Court ruled that the Plaintiff could not take advantage of a site inspection to speak with defendant's employees and otherwise attempt to elicit information from the employees. <u>Id.</u> The Court held that such a request would be improper since

> "... interrogation of the employees, conducted informally could amount to a roving deposition, taken without notice, throughout the plants, of persons who were not sworn and whose testimony was not recorded, and without any right by the defendant to make any objection to the questions asked." <u>Id.</u>

355684.1 DocsNY

Here, Metro-North's wheel mill is employed by many of the same workers who were present at the time of the decedent's accident. Therefore, Plaintiff's presence creates the possible danger to Metro-North that the Plaintiff can use the site inspection for two purposes: first, to photograph and videotape the wheel mill; second, to speak with employees and elicit information from Metro-North personnel.

### B. Plaintiff's request for sanctions, costs and attorney's fees is unwarranted

Defendant Metro-North also objects to Plaintiff's request for costs. Prior to the inspection date, this office communicated to Plaintiff's attorney via letter stating that the October 7th inspection date would be feasible, but that Metro-North would not provide any demonstrations of the movement of cars. (See Letter from Attorney William W. Cobb to Attorney George Cahill dated October 2, 2003 at annexed to Cobb Affidavit at Exhibit "A"). Thus, as of October 2, 2003 Plaintiff was notified that a cameraman would not serve any purpose since Metro-North was not willing to move cars for Plaintiff by shuttle wagon. On the date of the inspection, October 7th, plaintiff's counsel acknowledged that he was not aware of the contents of the letter dated October 2, 2003 from Defendant's office (See Cobb Aff. ¶ 7). The confusion on October 7th therefore appeared to be largely due to miscommunication between the two offices (Id. ¶ 8).

Defendant's objection to the discovery request is based on good faith. Costs should therefore not be awarded to Plaintiff as to the instant motion pursuant to Rule 37(a)(4)(A).

355684.1 DocsNY

## Conclusion

Plaintiff's motion to compel should be denied in all respects, defendant's motion for a protective order should be granted, together with such other relief as the Court deems just and proper.

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____

William W. Cobb (ct 24870)
LANDMAN CORSI BALLAINE & FORD, P.C.
Offices of Metro-North
50 Union Avenue, 4th Floor West
New Haven, CT 06519

120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800

355684.1 DocsNY

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by first class mail on October 31, 2003 to the following counsel of record:

>George J. Cahill, Jr., Esq.
>Cahill & Goetsch
>43 Trumbull Street
>New Haven, CT 06511

_____
William W. Cobb

355684.1 DocsNY