UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV -7  A 10: 20

US DISTRICT COURT
BRIDGEPORT CT

Michelle Pieger, Administratrix for the
Estate of Jeffrey Michael Pieger

Civil Action No.: 3:02CV00749 (SRU)

Plaintiff,

vs.

Metro-North Railroad Company,

November 6, 2003

Defendant.

### DEFENDANT METRO-NORTH'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

#### I. Preliminary Statement

This memorandum of law is respectfully submitted on behalf of defendant Metro-North Railroad Company (hereinafter "defendant" or "Metro-North") in support of its motion for a protective order pursuant to Fed. R. Civ. P. 26(c).

#### II. Concise Statement of Facts

This is an action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, in which Jeffrey Pieger, an employee of defendant Metro-North, suffered a fatal injury while in the process of moving train cars with use of a capstan and rope.

Although the discovery conducted thus far has shown that Mr. Pieger was using a

356455.1 DocsNY

capstan and rope to move the train cars at the time of the accident,[1] plaintiff seeks information related to an <u>alternative</u> car-moving method, i.e. information related to shuttle wagons. Plaintiff seeks the deposition testimony of two Metro-North employees for the alleged purpose of providing information related to the shuttle wagon. In addition, plaintiff has served defendant with interrogatories related to the shuttle wagon.

This motion is made in response to plaintiff's latest discovery demands which are improper. As will be more fully set forth below, the plaintiff's Notices of 30(b)(6) depositions and interrogatories are irrelevant to the instant action, outside the scope of discovery, unduly burdensome and intended to harass.[2]

### III. Argument

#### 1. Plaintiff's Notices for Depositions of the Two Metro-North Employees are Improper

##### A. Defendant Has Complied with Plaintiff's First Notice

In the first instance, plaintiff seeks the deposition of a Metro-North employee who was "responsible for the replacement or repair of the damaged tire on the Shuttle Wagon in New Haven in March of 2002." Annexed to the Affidavit of William W. Cobb ("Cobb

---

[1] During the course of discovery, Plaintiff's attorneys have already performed a site inspection of the wheel mill. In addition, Metro-North has supplied Plaintiff with a video of the wheel mill showing the operation of the equipment involved in the accident. Plaintiff has also taken the depositions of numerous Metro-North employees who were present at the wheel mill on the night of the accident.

[2] In a related action, Metro-North recently filed an opposition to plaintiff's motion to compel. Plaintiff's motion was predicated on its desire to conduct another on-site inspection of the wheel mill for the purpose of filming the movement of cars at the wheel mill by shuttle wagon. Plaintiff's motion and defendant's opposition along with defendant's motion for a protective order is currently pending before this Court.

356455.1 DocsNY

Aff.") as **Exhibit "A"** is a true and correct copy of the Plaintiff's Notice of 30(b)(6) deposition.

Defendant objects to plaintiff's Notice as the plaintiff has already deposed Mr. John Hogan, the supervisor of the Wheel Mill, who is the employee with the most knowledge pertaining to the operation of moving cars and to the shuttle wagons, and has knowledge related to these areas. Moreover, this fact - that Mr. Hogan is the most knowledgeable in this area - has been conveyed to plaintiff on more than one occasion. Therefore, Metro-North has already complied with plaintiff's Notice.

Any effort to depose Mr. Hogan a second time or a second Metro-North employee for the same purpose could only be considered "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)." Security Insurance Company of Hartford v. Trustmark Insurance Company, 2003 WL 22350777 *3 (D.Conn. April 17, 2003)(Dorsey, District Judge).

Therefore, this Court should not allow plaintiff to take the deposition of John Hogan (a second time) or another Metro-North employee pursuant to the plaintiff's Notice.

### B. Plaintiff's Second Notice of 30(b)(6) Deposition and Request for Interrogatories Seek Irrelevant Information, and Said Notice and Request are Unduly Burdensome and Intended to Harass

The second deposition notice seeks the deposition of "Metro-North Manager and Former Chief Mechanical Officer G.R. Butt." Annexed to the Cobb Aff. as **Exhibit "B"** is a true and correct copy of plaintiff's Notice of 30(b)(6) Deposition.

This notice is improper for a number of reasons.

356455.1 DocsNY

First, it is apparent that the Notice seeks discovery information which is related to the shuttle wagon and is irrelevant to the issues related to the instant case. Mr. Butt was part of a committee that drafted some company policies related to the use of the shuttle wagon a number of years ago. The recommendations that he may have drafted as to the shuttle wagons are irrelevant for purposes of determining whether Metro-North was negligent in the use of the capstan and rope.

Second, federal law is clear that the railroad is not required to provide the employee with the latest, best or most perfect tools or methods in the workplace, and the fact that there may be a safer alternative is of no significance where the tools or methods are not inherently unsafe. The test is simply whether or not the railroad has exercised reasonable care to make the workplace reasonably safe. Taylor v. Illinois Cent. R. Co., 8 F.3d 584, 586 (7th Cir. 1993); Stillman v. Norfolk & W. Ry. Co., 811 F.2d 834, 837 (4th Cir. 1987); Soto v. Southern Pacific Transp. Co., 644 F.2d 1147, 1148 (5th Cir. 1981), cert denied, 454 U.S. 969 (1981); Chicago Rock Island Pac. R. Co. v. Lint, 217 F.2d 279, 282 (8th Cir. 1954); Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525, 527 (5th Cir. 1951), cert denied, 342 U.S. 830 (1951); Seymour v. Illinois Cent. R. Co., 25 F. Supp. 2d 734, 738 (S.D. Miss. 1997), aff'd, 154 F.3d 418 (5th Cir. 1998); Plunck v. Illinois Central R. Co., 1998 W.L. 227772 at *16 (Tenn. Ct. App. 1998).

Therefore, case law would preclude any evidence regarding the shuttle wagon since it was not involved in any way with the accident involving the decedent. Because such evidence would be excluded as a matter of law, it is not reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26(b)(1).

Moreover, this Notice of Deposition is unduly burdensome and is intended to harass.

356455.1 DocsNY

Plaintiff's attorney is aware that the taking of Mr. Butt's deposition will not provide any meaningful relevant information since plaintiff already has a copy of the documents that were part of the committee's recommendations regarding the use of shuttle wagons. Thus, Mr. Butt could not provide any new information to plaintiff's counsel related to these same recommendations and committee findings.

Plaintiff's Second Set of Interrogatories (a true and correct copy of which is annexed to the Cobb Aff. as **Exhibit "C"**) are also improper for the same reasons: the interrogatories seek information related solely to the shuttle wagon and such information is irrelevant. Thus, the request for interrogatories appears designed to harass rather than to obtain any meaningful information relevant to this case.

For these reasons, the plaintiff's discovery demands are improper.

### 2. Defendant's Efforts to Resolve the Parties' Discovery Disputes with Plaintiff Have Been Unsuccessful

Defendant has complied with Rule 37 of the Local Rules of this Court by conferring with Plaintiff's counsel in an effort to resolve these disputes. (See Cobb Aff. ¶ 3). Notwithstanding these efforts, the parties are unable to agree and therefore defendant seeks this court's intervention to resolve these disputes. (Id. ¶ 4).

### CONCLUSION

Wherefore, defendant Metro-North seeks an Order of Protection preventing the plaintiff from deposing the aforementioned employees of Metro-North, as well as preventing plaintiff from seeking the same information through use of interrogatories.

356455.1 DocsNY

Respectfully submitted,
FOR THE DEFENDANT,

By: _/s/ William W. Cobb_

William W. Cobb (ct 24870)
LANDMAN CORSI BALLAINE & FORD, P.C.
Offices of Metro-North
50 Union Avenue, 4th Floor West
New Haven, CT 06519

120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

356455.1 DocsNY

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by first class mail on November 6, 2003 to the following counsel of record:

>George J. Cahill, Jr., Esq.
>Cahill & Goetsch
>43 Trumbull Street
>New Haven, CT 06511

_____
William W. Cobb