UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| MICHELLE PIEGER, AS ADMINISTRATRIX FOR THE ESTATE OF JEFFREY MICHAEL PIEGER, | CIVIL ACTION |
| | NO. 3:02CV00749(SRU) |
| Plaintiff | |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | November 19, 2003 |

_____X

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER</u>**

Metro-North ("MN") moved for a protective order to prevent the plaintiff from conducting two depositions and to avoid responding to three interrogatories. For the reasons set forth herein, MN should be compelled to produce the two witnesses and respond to the three interrogatories.

The sole topic of plaintiff's 30(b)(6) deposition is the decision to replace and repair the damaged tire on the Shuttle Wagon in March of 2002. Even though John Hogan has been deposed in his individual capacity pursuant to Rule 30, the plaintiff still has a right to depose him if he is designated as a 30(b)(6) witness since "a deposition pursuant to Rule 30(b)(6) is substantially different from a witnesses' deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible

for providing all the relevant information available to the entity." 8A Charles A. Wright, Arthur R. Miller, Richard Marcus, Federal Practice and Procedure, § 2103 (2d ed. 1994).

MN also moves for a protective order preventing the deposition of its former Chief Mechanical Officer G.R. Butt. A deposition should not be prevented absent extraordinary circumstances. See Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (holding prohibition of deposition inappropriate absent extraordinary circumstances). MN falsely characterizes the deposition as "Plaintiff's Second Notice of 30(b)(6) Deposition." The deposition is noticed pursuant to Fed. R. of Civ. P. 30.[1] MN argues that (1) the notice is improper because it seeks discovery of irrelevant information; and (2) it is unduly burdensome since the plaintiff already has a document pertaining to Mr. Butt. Both arguments are frivolous and MN should be sanctioned for making them.

Long before Mr. Pieger's death, Chief Mechanical Officer Butt appointed and convened a committee to make a Report that made recommendations concerning car movement practices at various MN facilities, including the New Haven Wheel Mill. The resulting Report made recommendations on how to improve the safety of car movements, and Butt received the Report before the accident that lead to Mr. Pieger's death. The plaintiff has every right to take Butt's deposition about his knowledge of car movement practices, his investigation of car movement practices, the Report he reviewed about car movement practices, and any other information reasonably calculated to lead to the discovery of admissible evidence.

---

[1] Even if it were a second 30(b)(6) deposition notice, that is not a basis to prevent the deposition. See Quality Aero Technology, Inc. v. Telmetrie Elektronik, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (stating "there is no aspect to the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition).

MN also seeks a protective order so it does not have to respond to plaintiff's Second Set of Interrogatories (containing three distinct interrogatories). MN argues the Interrogatories seek irrelevant information and are, therefore, intended to harass MN. For the reasons set forth in plaintiff's Reply Memorandum in support of her October 28, 2003 Motion to Compel an Inspection and Filming of Shuttle Wagon operations in the Wheel Mill, the information sought in the Interrogatories is highly relevant.

Even more telling of MN's bad faith motive in filing the instant motion is the fact that Interrogatories 2 and 3 have nothing to do with the Shuttle Wagon, yet MN refuses to answer them. Interrogatory 2 and 3 seek the identity of the individual responsible for the decision to remove a plywood screen that surrounded the wheel truing machine and the identity of the person responsible for deciding to connect a button on the control stand to operate the idler rollers.

The scope of permissible discovery is not limited because MN wants to argue at trial it was not negligent for using a rope and capstan to move trains inside the Wheel Mill. Just because MN contends it was not negligent[2] does not mean reasonable discovery consistent with the plaintiff's theory of negligence is improper. In order to prove MN did not act reasonably under the circumstances, the plaintiff is entitled to learn about the circumstances surrounding the accident, including the reasons why the Shuttle Wagon was not used for the purposes it was intended

"In the Second Circuit, an employer breaches its duty under the FELA 'if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees.'" Williams v. Long Island RR Co., 196 F.3d 402, 406 (2nd Cir. 1999) (citing Ulfik v. Metro-North Commuter Railroad, 77

F.3d. 54, 58 (2nd Cir. 1996)).  In <u>Williams</u>, The Second Circuit held it was reversible error for the trial court to prevent the FELA plaintiff from questioning witnesses about alternative means of performing the task at issue.  Likewise, the plaintiff in the instant case is entitled to discovery surrounding the availability of the Shuttle Wagon assigned to the Wheel Mill and the feasibility of using the Shuttle Wagon.

For the foregoing reasons, MN's Motion For A Protective Order should be denied and MN should be compelled to produce witnesses for the two depositions and respond to the three interrogatories.

FOR THE PLAINTIFF,

BY_____
George J. Cahill, Jr. (ct4485)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203)777-1000

---

[2] Since the accident, MN no longer uses the rope and capstan.

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this ___ day of November, 2003, to:

William Cobb, Esq.
Landman Corsi Ballaine & Ford
120 Broadway – 27th Fl.
NY, NY 10271

_____