UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

Michelle Pieger, Administratrix for the
Estate of Jeffrey Michael Pieger

                Plaintiff,

vs.

Metro-North Railroad Company,

                Defendant.

-------------------------------------------------------------------X

Civil Action
No.: 3:02CV00749 (SRU)

November 26, 2003

## DEFENDANT METRO-NORTH'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

### PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of defendant Metro-North Railroad Company (hereinafter "defendant" or "Metro-North") in reply to plaintiff's opposition and in support of its motion for a protective order pursuant to Fed. R. Civ. P. 26(c).

The arguments made in reply are in addition to the arguments that defendant previously made in bringing the instant motion for a protective order.

358345.1 DocsNY

## POINT I

## IN THE CONTEXT OF THIS LITIGATION, THE USE OF THE SHUTTLE WAGONS CONSTITUTES A SUBSEQUENT REMEDIAL MEASURE WHICH IS INADMISSIBLE EVIDENCE

In addition to defendant's previous objections to the plaintiff's discovery demands as to the shuttle wagon, defendant objects to the various discovery demands related to the shuttle wagons since the use of the shuttle wagons constitutes a subsequent remedial measure.

The shuttle wagons did not become the standard method for car movement in the New Haven wheel mill until <u>after</u> the accident involving Mr. Pieger took place. According to the deposition testimony of John Hogan, the supervisor of the wheel mill, the employees only occasionally used the shuttle wagon prior to the accident even though the shuttle wagon had been available. One reason for this was the employees' familiarity with the capstan and rope. (<u>See</u> Cobb Declaration, **Exhibit "A"**, John Hogan Deposition Transcript, pages 17-18).

According to the Hogan Deposition, the use of the shuttle wagon as the exclusive means for moving cars in the New Haven wheel mill - and the decision to remove the capstan and rope method - occurred after the accident, and is therefore a subsequent remedial measure. (<u>Id.</u>)

"Rule 407 excludes evidence of subsequent remedial measures 'to prove negligence or culpable conduct.' Fed. R. Evid. 407 (rev. ed. 1991). Such measures, however, are admissible 'for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment. <u>Id.</u>'" <u>In re Joint Eastern District and Southern District Asbestos Litigation v. Armstrong World Industries, Inc.</u>, 995 F.2d 343 (2nd Cir. 1993).

Here, plaintiff has not alleged that the subsequent remedial measures undertaken by defendant following the accident had anything to do with 'proving ownership, control, or feasibility

358345.1 DocsNY

of precautionary measures, if controverted, or impeachment.' Therefore, this line of discovery demands related to the shuttle wagons cannot reasonably be calculated to lead to the discovery of admissible evidence, and plaintiff should be precluded from engaging in such discovery related to the shuttle wagons.

For these reasons, plaintiff should be prevented from taking the deposition of a Metro-North employee regarding the repairs to the shuttle wagon tires, as well as the deposition of Mr. Butt concerning his 1998 shuttle wagon report.

## POINT II

### PLAINTIFF'S SECOND SET OF INTERROGATORIES SEEKS INFORMATION RELATED TO SUBSEQUENT REMEDIAL MEASURES

For the same reasons, defendant objects to plaintiff's interrogatories insofar as each interrogatory is related to a subsequent remedial measure and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

The first interrogatory seeks information related to the shuttle wagon, which, as earlier argued, is irrelevant since the use of the shuttle wagons constituted a subsequent remedial measure. The second interrogatory seeks information concerning the windscreen surrounding the pit in the wheel mill, and is irrelevant since it seeks information related to subsequent remedial measures. The third and final interrogatory seeks information related to subsequent remedial measures concerning the button on the control panel.

Since plaintiff does not seek the information related to subsequent remedial measures for any reason other than to prove defendant's negligence or culpable conduct, plaintiff should be prevented from demanding discovery related to said subsequent remedial measures. *See,* Fed. R. Evid. 407.

358345.1 DocsNY

## CONCLUSION

Wherefore, defendant Metro-North seeks an Order of Protection preventing the plaintiff from deposing the aforementioned employees of Metro-North, as well as preventing plaintiff from seeking irrelevant information through use of interrogatories.

                                        Respectfully submitted,
                                        FOR THE DEFENDANT,

By: _____
       William W. Cobb (ct 24870)
       LANDMAN CORSI BALLAINE & FORD, P.C.
       Offices of Metro-North
       50 Union Avenue, 4th Floor West
       New Haven, CT 06519

       120 Broadway, 27th Floor
       New York, New York 10271-0079
       (212) 238-4800

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by first class mail on November 26, 2003 to the following counsel of record:

>George J. Cahill, Jr., Esq.
>Cahill & Goetsch
>43 Trumbull Street
>New Haven, CT 06511

*(signature)*
William W. Cobb

358345.1 DocsNY