UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Michelle Pieger, Administratrix for the
Estate of Jeffrey Michael Pieger

                   Plaintiff,

vs.

Metro-North Railroad Company,

                   Defendant.

Civil Action No.: 3:02 CV00749 (SRU)

**DEFENDANT'S PROPOSED
REQUEST TO CHARGE**

*[FILED stamp: U.S. DISTRICT COURT BRIDGEPORT, CONN. 2004 MAR -9 P 5: 26]*

Defendant, through its undersigned counsel, submits herewith proposed requests to charge.

In addition to these proposed requests, defendant respectfully requests that this Court also instruct the jury with its usual charges on:

        Statements of counsel;

        Consider only testimony and exhibits;

        Functions of Court and jury;

        Weighing testimony

Because these requests are based on defendant's present understanding of the case, defendant reserves the right to submit additional proposed charges as required.

Dated: New York, New York
       March 4, 2004

364420.1 DocsNY

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: *Cathleen Giannetta*
Cathleen Giannetta
Attorneys for Defendant Metro-North
120 Broadway, 27th Floor
New York, NY  10271
(212) 238-4800

To:    CAHILL & GOETSCH
       43 Trumbull Street
       New Haven, CT 06511
       (203) 777-1000

Request No.  1

## **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said - or what I may say in these instructions - about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should

render, or whether any of the witnesses may have been more credible than any other witnesses.

You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Modern Federal Jury Instructions,
Ch. 71, Instruction 71-3 (Matthew Bender, 1997)

Request No. 2

**Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.


Modern Federal Jury Instructions
Ch. 71, Instruction 71-4 (Matthew Bender, 1997)

Request No. 3

## Sympathy

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Modern Federal Jury Instructions
Ch. 71, Instruction 71-10 (Matthew Bender, 1997)

Request No. 4

**Parties**

In this case, the defendant is a railroad. The mere fact that one of the parties is a railroad does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and railroads, big or small, are entitled to the same fair consideration as you would give any other individual party.

Modern Federal Jury Instructions
Ch. 72, Instruction 72-1 (Matthew Bender, 1997)(modified)

Request No. _5_

## **Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor - that is, his character, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his

intelligence, the reasonableness and probability of his testimony and its consistency or lack of

consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in

light of his or her demeanor, the explanations given and all of the other evidence in the case.

Always remember that you should use your common sense, your good judgment and your own

life experience.


Modern Federal Jury Instructions
Ch. 76, Instruction 76-1 (Matthew Bender, 1997)

Request No. _6_

## Impeachment-Inconsistent Statements or
## Conduct-Falsus in Uno Falsus in Omnibus

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to discredit such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Devitt, Blackmar & Wolff, Fedl. Jury
Prac. & Instr. § 73.04 (4th ed. 1987)

Request No. _7_

## **Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear the factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

Davis v. Alaska, 415 U.S. 308,
94 S. Ct. 1105, L. Ed. 2d 347 (1974)

Duke Laboratories, Inc. v. United States,
222 F. Supp 400 (D. Conn. 1963)

Modern Federal Jury Instruction, Ch. 76,
Instruction 76-3 (Matthew Bender, 1997)

Request No. _8_

## **Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Davis v. Alaska, 415 U.S. 308,
94 S. Ct. 1105, L. Ed. 2d 347 (1974)

Duke Laboratories, Inc. v. United States,
222 F. Supp 400 (D. Conn. 1963)

Modern Federal Jury Instruction, Ch. 76,
Instruction 76-3 (Matthew Bender, 1997)

Request No.  9

**Expert Witnesses - Generally**

You have heard testimony from [identify expert].  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Modern Federal Jury Instructions
Ch. 76, Instruction 76-9 (Matthew Bender, 1997)

Request No.  10

## **Burden of Proof - General**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of her complaint

If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the plaintiff on her claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendant.

Modern Federal Jury Instructions
Ch. 73, Instruction 73-1 (Matthew Bender, 1997)

Request No. _11_

## **Preponderance of the Evidence**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3 Devitt, Blackmar & Wolff, Fedl. Jury
Prac. & Instr. § 85.15 (4th ed. 1987)(modified)

Request No.  12

**Negligence Required**

The plaintiff brings this action against the defendant railroad under the Federal

Employers' Liability Act. The basis for holding a railroad liable under this Act must be the

railroad's negligence, not the fact that the plaintiff's decedent was injured and killed during his

employment by the defendant. Plaintiff can only recover from the defendant if negligence and the

other elements I will describe are established by a fair preponderance of the evidence. The

railroad is not the guarantor of the safety of its employees while they are on duty.

<u>Consolidated Rail Corp. v. Gottshall,</u>
512 U.S. 532, 543 (1994)

Modern Federal Jury Instructions Ch. 89,
Instructions 89-1, 89-8 (Matthew Bender, 1997)(modified)

Request No. _13_

## **Negligence Defined**

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can be the doing of something which a reasonably prudent person would have done under the circumstances.

Modern Federal Jury Instructions
Ch. 89, Instruction 89-9 (Matthew Bender. 1997)

Request No. _14_

## **"Ordinary Care" - Defined**

"Ordinary care" is that care which reasonably prudent persons exercise in the

management of their own affairs, in order to avoid injury to themselves or their property, or the

persons or property of others.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac.
& Instr. § 94.04 (4th ed. 1987)

Request No.  15

**Duty To Guard Against Foreseeable Risks**

This definition of negligence requires the defendant to guard against those risks or dangers which it knew or by the exercise of due care should have know.  In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

This means that the railroad may not be held liable on the basis of hindsight, that is, knowledge that it had after the incident; whether it exercised reasonable care must be determined in light of the circumstances that existed up to the time of the incident.

Modern Federal Jury Instructions, Ch. 89,
Instruction 89-10 (Matthew Bender, 1997)(modified)

See Gallick v. Baltimore & Ohio R. Co.,
372 U.S.  108, 117 (1963)

Request No. _19_

## **Inference From Fact of Incident Alone**

The mere fact that an incident occurred, standing alone, does not, unless otherwise expressly stated, permit the jury to draw the inference that the incident was caused by anyone's negligence.

3 Devitt, Blackman & Wolf, Fedl. Jury Prac.
& Instr. § 94.06 (4th ed. 1987)

Request No. 20

**Railroad Not Bound To**
**Anticipate Any Possible Incident**

The law does not require that the railroad anticipate every possible incident.

Brady v. United States, 320 U.S. 476, 483(1943)

Request No. _21_

## **Defendant Owes No Higher Degree of Care**

Defendant owed Mr. Pieger no duty to exercise a higher degree of care for his safety than he owed to himself.

<u>Lindell v. Burlington Northern R. Co.</u>,
890 F.2d 420, 1989 WL 145385, *4 (9th Cir. (Mont.))

Request No.  22

**No Duty To Anticipate Plaintiff's Decedent's Negligence**

Defendant cannot be charged with negligence in this case by failing to anticipate a lack of

due care on the part of Mr. Pieger.

Atlantic Coast Line R.R. v. Dixon,
189 F.2d 525, 527, (5th Cir.),
cert. denied, 342 U.S. 830 (1951);

McGivern v. Northern Pac. Ry. Co.,
132 F.2d 213, 217 (8th 1942);

Kurn v. Stanfield, 111 F.2d 469,
473 (8th Cir. 1940);

Eversole v. Consolidated Rail Corp.,
551 N.E. 2d 846, 851 (Ct. App. Ind. 1990);

Isgett v. Seaboard Coast Line R. Co.,
332 F.Supp 1127, 1139 (D.S.C. 1971)

Request No. __23__

## Safest Tools or Methods Not Required

The railroad is not required to provide the employee with the latest, best or most perfect tools or methods in the workplace, and the fact that there may be a safer alternative is of no significance where the tools or methods are not inherently unsafe.  The test is simply whether or not the railroad has exercised reasonable care to make the workplace reasonably safe.

Taylor v. Illinois Cent. R. Co.,
8 F.3d 584, 586 (7th Cir. 1993);

Stillman v. Norfolk & W. Ry. Co.,
811 F.2d 834, 837 (4th Cir. 1987);

Soto v. Southern Pacific Transp. Co.,
644 F.2d 1147, 1148 (5th Cir. 1981),
cert denied, 454 U.S. 969 (1981);

Chicago Rock Island Pac. R. Co. v. Lint,
217 F.2d 279, 282 (8th Cir. 1954);

Atlantic Coast Line R.R. v. Dixon,
189 F.2d 525, 527 (5th Cir. 1951),
cert denied, 342 U.S. 830 (1951);

Seymour v. Illinois Cent. R. Co.,
25 F.Supp.2d 734, 738 (S.D. Miss. 1997)
aff'd, 154 F.3d 418 (5th Cir. 1998);

Plunck v. Illinois Central R. Co.,
1998 W.L. 227772 at *16 (Tenn. Ct. App. 1998)