# Jury Interrogatories

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR -9  P 5: 26
U.S. DISTRICT COURT
BRIDGEPORT, CONN

―――――――――――――――――――――X

Michelle Pieger, for the Estate of Jeffrey    Civil Action
Michael Pieger                                No: 3:02CV00749(SRU)

    Plaintiff

VS.

Metro-North Railroad Company                  March 9, 2004

    Defendant
―――――――――――――――――――――X

## PLAINTIFFS' PROPOSED JURY INTERROGATORIES

The plaintiff, through her counsel, submits herewith, her proposed Jury Interrogatories.

Because the proposed jury interrogatories are based on plaintiff's present understanding of the case, plaintiff reserves the right to submit additional proposed interrogatories.

FOR THE PLAINTIFF,

BY _____
George J. Cahill, Jr. (ct04485)
Charles C. Goetsch (ct07776)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000
ct00776

## GENERAL VERDICT WITH ACCOMPANYING INTERROGATORIES

### Interrogatory No. 1

Do you find that the defendant Metro-North was negligent under the Federal Employers' Liability Act even to the slightest degree?

Yes_____    No_____

[If your answer to Interrogatory No. 1 is "no," you have completed your deliberations. If your answer to Interrogatory No. 1 is "yes," proceed to Interrogatory No. 2.]

### Interrogatory No. 2

If your answer to Interrogatory No. 1 is "yes," did that negligence play any part --even to the slightest degree -- in bringing about Jeffrey Pieger's death?

Yes_____    No_____

[If your answer to Interrogatory No. 2 is "no," you have completed your deliberations. If your answer to Interrogatory No. 2 is "yes," proceed to Interrogatory No. 3.]

### Interrogatory No. 3

If your answer to Interrogatory No. 2 is "yes," do you find that Jeffrey Pieger was contributorily negligent?
Yes_____    No_____

[If your answer to Interrogatory No. 3 is "no," skip Interrogatory 4 proceed directly to Interrogatory No. 5. If your answer to Interrogatory No. 3 is "yes," proceed to Interrogatory No. 4.]

2

**Interrogatory No. 4**

If your answer to Interrogatory No. 3 is "yes," to what extent, expressed in a percentage, were Metro-North and Jeffrey Pieger negligent? (The total must equal 100%)

        Metro-North   _____%

        Jeffrey Pieger _____%

[Proceed to Interrogatory No. 5.]

**Interrogatory No. 5**

What amount do you find, without reduction for any contributory negligence, will fairly and adequately compensate the plaintiffs for:

    A. Jeffrey Pieger's pain, suffering and mental anguish       $_____

    B. The loss of support and other financial benefits his wife and three children would have received from Jeffrey Pieger       $_____

    C. Loss of services which would have been provided to his wife and three children by Jeffrey Pieger       $_____

    D. In the case of Jeffrey Pieger's three children, the loss of his care, attention, instruction, training, advice, nurturing and guidance.       $_____

**GENERAL VERDICT (Total of A, B, C and D)**   $_____

[If your answer to Interrogatory No. 3 is "yes," proceed to Interrogatory No. 6. If your answer to Interrogatory No. 3 is "no," your deliberations are complete - please sign and date this form]

**Interrogatory No. 6**

If your answer to Interrogatory No. 3 is "yes," reduce the total combined amount of damages in Interrogatory No. 5 by the percentage of Jeffrey Pieger's contributory negligence that you found in Interrogatory No. 4 and enter that reduced amount in the space below. If your answer to Interrogatory No. 3 was "no," the total verdict amount is set forth above.

**GENERAL VERDICT: $_____**

**THE FOREGOING IS THE VERDICT OF THIS JURY**

_____ Foreperson (print name: _____ )
_____ Today's Date

## Certificate of Service

This is to certify that a copy of the foregoing was first class mail, postage prepaid to:

Cathleen Giannetta, Esq.
Landman Corsi Ballaine & Ford
120 Broadway - 27th Fl.
NY, NY 10271

on March 9, 2004.

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

Michelle Pieger, Administratrix for the
Estate of Jeffrey Michael Pieger

                    Plaintiff,

vs.

Metro-North Railroad Company,

                    Defendant.

Civil Action No.: 302CV00749 (SRU)

**DEFENDANT'S PROPOSED**
**SPECIAL VERDICT FORM**

---

## DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

Defendant, through its undersigned counsel, respectfully submits the following proposed special verdict form.

A.    In reference to liability:

    1.    Has plaintiff established, by a fair preponderance of the evidence, that defendant was negligent?

                                                     Yes_____   No_____

        If your answer is "No", proceed no further and report your verdict to the Court. If your answer is "Yes", proceed to Question 2.

    2.    Has plaintiff established, by a fair preponderance of the evidence, that the negligence of defendant that you have found played a part in bringing about the death of the decedent Jeffrey Pieger?

                                                     Yes_____   No_____

        If your answer is "No", proceed no further and report your verdict to the Court. If your answer is "Yes", proceed to Question 3.

364455.1 DocsNY

3. Has defendant established by a fair preponderance of the evidence that the decedent Jeffrey Pieger was negligent?

If your answer is "No", skip questions 4 and 5 and proceed to the questions in Section B on damages.

If your answer is "Yes", proceed to Question 4.

4. Has defendant established by a fair preponderance of the evidence that the negligence of decedent Jeffrey Pieger played a part in bringing about his injury?

If your answer is "No", skip question 5 and proceed to the questions in Section B on damages.

If your answer is "Yes", proceed to Question 5.

5. To what extent, stated in percentage, did plaintiff's negligence contribute to his bringing about his injury?

_____%

B. In reference to damages:

1. Based on a fair preponderance of the evidence, state separately the amount awarded to fairly and reasonably compensate plaintiff for the following item of damages, if any, up to the date of your verdict. If you decide not to make an award as to that item, you will insert the word, "None."

   A. Conscious pain, suffering from the time of decedent Jeffrey Pieger's injury to the time he lost consciousness.
   $_____

   B. Economic support plaintiff would have received from the decedent from the time of injury to the present.
   $_____

2. Based on a fair preponderance of the evidence, state separately the amount awarded to fairly and reasonably compensate plaintiff for the following item of damages, if any, that plaintiff is reasonably likely to suffer or incur in the future. If you decide not to make an award as to that item, you will insert the word, "None."

   A. Future economic support plaintiff would have received from the decedent.

   $_____

3. If you have awarded any amounts for damages to be incurred in the future, then for each item of future damages, state the period of years over which the amount is intended to provide compensation. For any items for which no award has been made, insert the word "None" as to that item:

   A. Future economic loss to plaintiff.    _____ years

**A TRUE VERDICT**

_____
FOREMAN OR FORELADY

Dated: New York, New York
       March 4, 2004

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____*Cathleen Giannetta*_____
Cathleen Giannetta (12052)
Attorneys for Defendant
Metro-North Railroad Company
120 Broadway - 27th Floor
New York, NY 10271-0079
(212) 238-4800